# EXHIBIT A

FILED
3/25/2025 10:49 AM
Gloria A. Martinez
Bexar County District Clerk
Accepted By: Mario Hernandez
Bexar County - 131st District Court
RB/rp

**2025CI06668**

(2) CIT PPS / SAC 4

CAUSE NO. _____

| | | |
|---|---|---|
| **EVELIO ARIAS CINTRA,** *Plaintiff* | § § § | **IN THE DISTRICT COURT** |
| **vs.** | § § | **_____ JUDICIAL DISTRICT** |
| **CHRISTOPHER LEE SMITH** **and** **IWX MOTOR FREIGHT, LLC** *Defendants* | § § § § § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **EVELIO ARIAS CINTRA**, hereinafter referred to by name or as Plaintiff, complaining of and about **CHRISTOPHER LEE SMITH AND IWX MOTOR FREIGHT, LLC,** hereinafter referred to by name or as Defendants, and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to the provisions of Texas Rules of Civil Procedure 190.3, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3, and therefore requests this Court to enter a scheduling order which includes a discovery deadline date and designation of expert deadline.

### II.
### PARTIES AND SERVICE

1.    Plaintiff, **EVELIO ARIAS CINTRA**, is a resident of Tampa, Florida.

---

*Evelio Arias Cintra vs. Christopher Lee Smith and IWX Motor Freight, LLC*
*Plaintiff's Original Petition*

Page 1 of 8

2.    Defendant, **CHRISTOPHER LEE SMITH**, is an individual that resides in Nixa, Missouri, and may be served with process by serving him at: **725 E. Appleridge, Nixa, Missouri 65714**, or *wherever he may be found*.

3.    Defendant, **IWX MOTOR FREIGHT, LLC**, is a Foreign Limited Liability Company, operating under the laws of the State of Texas and may be served through its registered agent, **INCORPORATING SERVICES LTD.**, at **3610-2 N. Josey, Ste. 223, Carrollton, Texas 75007.**

## III.
## VENUE AND JURISDICTION

Venue is proper in Bexar County pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because that is where the collision made the basis of this lawsuit occurred.

## IV.
## FACTS

On or about October 12, 2023, Plaintiff, **EVELIO ARIAS CINTRA**, was operating his vehicle in a reasonable and prudent manner, exercising ordinary care for his safety and the safety of others, when Plaintiff was involved in the collision at issue.

The collision, which was proximately caused by Defendants' negligence, occurred as follows: Plaintiff was lawfully parked at a rest stop in San Antonio, Texas, sleeping in the bunk of the truck, when suddenly and without warning, Defendant, **CHRISTOPHER LEE SMITH**, failed to keep a proper lookout when he was backing when unsafe to do so, and as such, violently crashed into Plaintiff's vehicle with such force Plaintiff was violently knocked out of the bunk, falling to the floor of the cab of the truck, causing him to strike the floor of the truck with his head, back and entire body.

As a result of the negligent conduct of the Defendant, **CHRISTOPHER LEE SMITH**, and the resulting collision, Plaintiff sustained substantial physical injuries.

At the time of the collision at issue, Defendant, **CHRISTOPHER LEE SMITH**, was driving a commercial fleet tractor trailer owned by Defendant, **IWX MOTOR FREIGHT, LLC**, and was in the course and scope of his employment for **IWX MOTOR FREIGHT, LLC**. Due to the negligence of Defendants, Plaintiff suffered severe physical injuries.

This occurrence and Plaintiff's resulting injuries, damages and losses were proximately caused by the negligence and negligence per se, as those terms are understood in law on the part of the Defendants.

## V.
## DEFENDANTS' AGENTS AND EMPLOYEES

Whenever it is alleged that Defendant, **IWX MOTOR FREIGHT, LLC**, did any act or omission, it is meant that Defendant, **IWX MOTOR FREIGHT, LLC**, employees, agents, officers, representatives or servants did such act or failed to do such act, and at the time of such act or omission occurred, it was with full knowledge, authorization or ratification of Defendant, **IWX MOTOR FREIGHT, LLC**, or was done in the normal and routine course and scope of employment of such person. Under the doctrine of Respondeat Superior, Defendant, **IWX MOTOR FREIGHT, LLC**, is liable to the Plaintiff for the conduct or omissions of their employees, agents and/or representatives including, but not limited to **CHRISTOPHER LEE SMITH**.

## VI.
## MISNOMER/ ALTER EGO

In the event any parties are misnamed or are not included herein, Plaintiff contends such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## VII.
## NEGLIGENCE CLAIMS AGAINST DEFENDANT,
## IWX MOTOR FREIGHT, LLC

Plaintiff would show this Court that Defendant, **IWX MOTOR FREIGHT, LLC**, and its employees, agents, officers, representatives or servants, were negligent and that such negligence was a proximate and direct cause of the incident made the basis of this suit and the Plaintiff's resulting injuries and damages. Specifically, **CHRISTOPHER LEE SMITH**, had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. **IWX MOTOR FREIGHT, LLC**, is liable for the acts and omissions of its employees, agents and/or representatives, including **CHRISTOPHER LEE SMITH**, based on Respondeat Superior. Defendants' acts and omissions constituted a breach of duty of ordinary care owed by Defendants to Plaintiff. Defendant, **IWX MOTOR FREIGHT, LLC**, direct negligence includes but is not limited to the following:

a.  Negligent entrustment of the truck and trailer in question to Defendant, **CHRISTOPHER LEE SMITH**;

b.  In failing to exercise due care to ascertain the deficiencies in the driving abilities of Defendant, **CHRISTOPHER LEE SMITH**;

c.  In allowing an unsafe driver to operate one of their vehicles;

d.  In failing to provide drivers with driver safety training, including but not limited to Defendant, **CHRISTOPHER LEE SMITH**;

e.  Negligent hiring of Defendant, **CHRISTOPHER LEE SMITH**;

f.  Negligent investigation of Defendant, **CHRISTOPHER LEE SMITH**;

g.  Negligent retention of Defendant, **CHRISTOPHER LEE SMITH**;

h.  Negligent training of its employees, including but not limited to Defendant, **CHRISTOPHER LEE SMITH**;

i.  Negligent supervision of its employees, including but not limited to Defendant, **CHRISTOPHER LEE SMITH**;

j.      Negligent maintenance of the subject vehicle; and

k.      Violations of the FMCSR's.

Each of these acts and omissions, singularly or in combination with each other, constitutes negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## VIII.
## NEGLIGENCE CLAIMS AGAINST DEFENDANT, CHRISTOPHER LEE SMITH

Plaintiff would show this Court that Defendant was negligent and that such negligence was a proximate and direct cause of the incident made the basis of this suit and the Plaintiff's resulting injuries and damages. Specifically, **CHRISTOPHER LEE SMITH**, had a duty to exercise ordinary care and operate the vehicle reasonably and prudently. Defendant, **IWX MOTOR FREIGHT, LLC**, liable for the acts and omissions of its employee, **CHRISTOPHER LEE SMITH**, based on Respondeat Superior.

Defendant, **CHRISTOPHER LEE SMITH**, negligence includes, but is in no way limited to, the following:

a.      Failing to travel at a safe and appropriate speed, in violation of Texas Transportation Code§545.351(b)(1);

b.      Failing to control the speed of his vehicle in violation of Texas Transportation Code§545.351(b)(2);

c.      Failing to maintain a proper lookout;

d.      Failing to apply his brakes to avoid striking Plaintiff's vehicle;

e.      Failing to timely apply his brakes to avoid striking Plaintiff's vehicle;

f.      Failing to swerve or otherwise maneuver the vehicle so as to avoid the collision made the basis of this suit;

g.      Failing to perform proper pre-trip/post-trip inspections;

h.      Failing to properly maintain his vehicle;

i.      Driving while fatigued;

j.      Violations of the FMCSRs;

k.      Failing to act as a reasonable person using ordinary care in the same or similar circumstances;

l.      Failing to control his vehicle;

m.      Failing to maintain and assured and clear distance, in violation of Texas Transportation Code §545.062(a);

n.      Backing when not safe to do so, In violation of Texas Transportation Code § 545.415;

Each of these acts and omissions, singularly or in combination with each other, constitutes negligence or negligence per se which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## IX.
## DAMAGES - EVELIO ARIAS CINTRA

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered serious injuries and damages. Specifically, Plaintiff suffered the following damages:

a.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering in the future;

e.      Mental anguish in the past;

f.      Mental anguish in the future;

g.    Physical impairment in the past;

h.    Physical impairment in the future;

i.    Lost wages in the past;

j.    Loss of wages in the future;

k.    Loss of wage earning capacity in the past;

l.    Loss of wage earning capacity, which will in all reasonable probability, will be sustained in the future;

m.    Disfigurement sustained in the past;

n.    Disfigurement that, which will in all reasonable probability, will be sustained in the future;

o.    Pre-judgment and post-judgment interest; and

p.    Court costs.

By reason of the above, Plaintiff has suffered losses and damages in an amount which has not been presently ascertained, but which is in excess of the minimum jurisdictional limits of this Court.

## X.
## REQUEST FOR DISCLOSURES

Under the Texas Rule of Civil Procedure 194, initial disclosures must be made by Defendants at or within 30 days from the filing of the first answer or general appearance in this suit.

## XI.
## JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby formally makes this demand for a jury trial in this litigation and has tendered the appropriate fee with the filing of this Original Petition.

## XII.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice that all documents produced by any party to this case may be used at any pretrial proceeding or at a trial of this matter.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that citations be issued, that upon legal trial or hearing of this cause that judgment be rendered against Defendants as prayed for; that the judgment bear interest as allowed by law; for pre-judgment and post-judgment interest, that costs of Court be taxed against the Defendants, and for such other and further relief, at law and in equity, to which the jury believes Plaintiff is deserving and for which he will ever pray.

Respectfully submitted,

*BONILLA & CHAPA, P.C.*
P.O. Box 5488
Corpus Christi Texas, 78465-5488
Telephone:    361-881-1000
Facsimile    361-881-1028

_____
**Ruben Bonilla**
SBN: 02601000
**rbon1@swbell.net**
**Ed Chapa**
SBN: 04113900
**edchapa@bonilla-chapalaw.com**
William Asare
SBN:24073862
**b.asare@bonilla-chapalaw.com**

E-SERVICE: **bc_efile@bonilla-chapalaw.com**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Rhonda Petri on behalf of Ruben Bonilla
Bar No. 2601000
r.petri@bonilla-chapalaw.com
Envelope ID: 98846175
Filing Code Description: Petition
Filing Description:
Status as of 3/25/2025 1:06 PM CST

Associated Case Party: EVELIOARIASCINTRA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ruben Bonilla, Jr. | | bc_efile@bonilla-chapalaw.com | 3/25/2025 10:49:56 AM | SENT |